IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

I. & M.J. GROSS CO., et al.          )
                                      )
v.                                    ) NO. 1-13-0151
                                      ) JUDGE CAMPBELL
FEDERAL DEPOSIT INSURANCE             )
CORPORATION, et al.                   )

MEMORANDUM

Pending before the Court is Plaintiffs' Motion to Remand (Docket No. 9). For the reasons stated herein, Plaintiffs' Motion is DENIED.

FACTS

This action was filed by Plaintiffs in state court against Community South Bank and others, seeking declaratory judgment as to the parties' rights under certain documents and alleging causes of action for promissory estoppel, breach of contract, and conversion. After the Complaint was filed, the Federal Deposit Insurance Corporation ("FDIC") was appointed Receiver for Community South Bank by the Tennessee Department of Financial Institutions and was allowed to intervene in the action and substitute itself for Community South Bank. The FDIC then removed this action to federal court.

Plaintiffs seek to remand the action, claiming that the Court lacks subject matter jurisdiction over Plaintiffs' state law claims, pursuant to the "state law exception" of 12 U.S.C. § 1819(b)(2)(D), which removes from this Court's jurisdiction certain actions in which the FDIC is a party but which, among other things, involve only the interpretation of state law. The FDIC contends that this state law exception does not apply because it has available to it defenses which arise under federal law.

## MOTIONS TO REMAND

Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the U.S. have original jurisdiction may be removed by the defendant to federal court. If it appears that the district court lacks subject matter jurisdiction, the case should be remanded to state court. 28 U.S.C. § 1447(c).

## FEDERAL SUBJECT MATTER JURISDICTION

Here, the FDIC contends that the Court has subject matter jurisdiction under 12 U.S.C. § 1819(b)(2)(B), which provides that the FDIC may remove any action from a state court to the appropriate U.S. District Court, and 12 U.S.C. § 1819(b)(2)(A), which provides that all suits of a civil nature to which the FDIC is a party shall be deemed to arise under the laws of the United States.

As noted above, Plaintiffs claim that this action falls within the "state law exception" to these statutes. That exception provides that the matter is not deemed to arise under the laws of the United States if (1) the FDIC was appointed by state authorities and is a party other than a plaintiff; (2) the suit involves only the preclosing rights against the state-insured depository institution or obligations owing to depositors, creditors, or stockholders by the state-insured depository institution, and (3) only interpretation of state law is necessary. 12 U.S.C. § 1819(b)(2)(D).

The FDIC asserts that Plaintiffs cannot establish the third factor, that only interpretation of state law is necessary. Here, the FDIC claims that because it has available defenses which raise federal issues, the state law exception does not apply. When the FDIC relies on the absence of this third factor in attempting to prevent remand, it must assert a defense that raises colorable issues of federal law. *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1149-50 (5th Cir. 1992); *FDIC v. McCann*, 2011 WL 5039879 at * 2 (E.D. Mich. Oct. 24, 2011).

The FDIC argues that its defenses arise under the case of *D'Oench Duhme & Co. v. FDIC*, 315 U.S. 447 (1942), later codified in part at 12 U.S.C. § 1823(e), which provides that no agreement which tends to diminish or defeat the interest of the FDIC in any asset acquired by it from the state-insured bank shall be valid against the FDIC unless: (1) it is in writing; (2) it was executed by the bank with the acquisition of the asset, (3) it was approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of the board or committee; and (4) it has been, continuously from the time of its execution, an official record of the bank.

In *D'Oench Duhme,* the Court held that borrowers could not rely on unrecorded agreements to defend against the FDIC's collection efforts. The doctrine has been expansively interpreted to bar the use of unrecorded agreements as the basis for either defenses or affirmative claims against the FDIC. *Reding v. FDIC*, 942 F.2d 1254, 1259 (8th Cir. 1991); *FDIC v. McCann*, 2011 WL 5039879 at * 2 (E.D. Mich. Oct. 24, 2011).

Here, Plaintiffs have asserted a claim that Community South Bank had knowledge of the borrower's pledge of the equity in the subject property as referenced in an unrecorded Pledge Agreement and assert that the Bank's deed of trust was therefore subject to the Pledge Agreement. The FDIC asserts that the *D'Oench Duhme* Doctrine and Section 1823(e) bar Plaintiffs from reliance upon the Bank's actual or constructive notice of this Pledge Agreement.

In addition, Plaintiffs contend that the FDIC is estopped from arguing that the Bank's deed of trust is senior to the Escrow Agreement and Pledge Agreement based upon alleged statements made by the Bank's counsel. Those statements, the FDIC argues, also fall within the scope of Section 1823(e) and the *D'Oench Duhme* Doctrine.

3

The Court finds that at least some of the FDIC's defenses herein are colorable and arise under federal law. Accordingly, this action does not involve the interpretation of state law only, the Court has subject matter jurisdiction, and Plaintffs' Motion to Remand is DENIED.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

.